■ JOHN ROCHE, Also Known as HAL ROACH, Appellant, v JOHN MULVIHILL, Respondent, et al., Defendants. [625 NYS2d 169] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about December 14, 1993, which granted defendant-respondent's motion for summary judgment dismissing plaintiff's cause of action for defamation, unanimously affirmed, without costs.

Initially, contrary to the IAS Court, we find that the letter to the editor written by defendant-respondent John Mulvihill

included implied assertions of fact *(see, Gross v New York Times Co.,* 82 NY2d 146, 153) clearly communicating the idea that the failure on the part of plaintiff, a well known Irish comedian, to appear at an event sponsored by Mulvihill was in wrongful breach of an agreement on plaintiff's part to do so. Nevertheless, we find that plaintiff failed to offer any evidence that the implication, which he most vigorously claims to be false, was made by Mulvihill with "actual malice," i.e., "knowledge that [the statements were] false or with reckless disregard of whether [the statements were] false or not" *(New York Times Co. v Sullivan,* 376 US 254, 280) as is required to sustain a finding that plaintiff, indisputably a public figure, was libelled.

In order to establish actual malice a plaintiff must show that the defendant, at the time he or she made the statements, either had actual, subjective knowledge that the statements were false or that the evidence is sufficient "to permit the conclusion that the defendant in fact entertained serious doubts as to [their] truth" *(St. Amant v Thompson,* 390 US 727, 731).

In this case, there is no evidence contradicting that offered by Mulvihill showing that, based on information he had received from defendant Tom O'Donoghue, who held himself out to be plaintiff's agent, Mulvihill honestly believed that he had entered into a contract with plaintiff under which plaintiff had agreed to perform. While Mulvihill was clearly imprudent in writing such a letter without either investigating to ascertain whether O'Donoghue had actually ever been authorized to act for plaintiff, or ever contacting plaintiff himself to ask him for an explanation for his apparent dereliction, these lapses are not sufficient to demonstrate that Mulvihill doubted the existence of the agency relationship and plaintiff's supposed commitment.

Plaintiff's alternative claim that Mulvihill's accusation was malicious because Mulvihill had been informed by O'Donoghue, albeit incorrectly, that plaintiff's failure to appear had been caused by an innocent breakdown in travel arrangements must also fail. Even assuming that malice can be shown by the fact that a person had reason to believe erroneous information indicating that his or her statement was false, in this case, the evidence shows that Mulvihill had only received from O'Donoghue information indicating that travel problems could have caused plaintiff to be late for the engagement, and there is no evidence indicating that he had reason to believe that plaintiff's complete failure to show up, or to

contact Mulvihill and explain his absence, could have been innocently caused. Since he had received no innocent explanation for plaintiff's absence, his statements attributing it to willful breach of contract, even if false, were not malicious. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.